# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **JAMES SANDERS ETTER**, | ) |
| Plaintiff, | ) Case No. 1:06CV00115 |
| v. | ) **OPINION AND ORDER** |
| **JAMES A. SPENCER, III, ET AL.**, | ) By: James P. Jones |
| Defendants. | ) Chief United States District Judge |

*Robert M. Galumbeck and Michael L. Dennis, Galumbeck, Dennis & Kegley, Attys., Tazewell, Virginia, for Plaintiff; Elizabeth K. Dillon, Guynn, Memmer & Dillon, P.C., Roanoke, Virginia, for Defendants.*

The plaintiff, a local government employee, claims that he was terminated in violation of his due process rights. The defendants have moved to dismiss on the ground that he had no property right in continued employment and that his action is barred, at least in part, by the statute of limitations. I will dismiss the property right claim, leaving the plaintiff's claim that his liberty right was violated. Because I cannot determine the statute of limitations question on the face of the Complaint, I will deny that ground of dismissal without prejudice to its later reassertion.

I

In his Complaint filed December 13, 2006, the plaintiff, James Sanders Etter, alleged that he had been an employee of Tazewell County, Virginia, since 1989 and that since 1990 he had been the County's Environmental Control Director, responsible for the County landfill. He alleged that on December 15, 2004, he had been called into the County Administrator's office and with the County Attorney present, told that he must resign his position by the end of the year or be terminated. He alleged that the reason given for his termination—that he had communicated directly with the chairman of the County's governing body rather than the County Administrator—was a "preconceived sham." (Compl. ¶ XIII(O).)

Etter alleged that he had attempted to grieve his termination, but was advised by the County Administrator that his position had been exempt from the County's grievance procedure since December 1, 2004. Etter appealed this determination to the Circuit Court of Tazewell County. An evidentiary hearing was held before that court on May 12, 2005, and the court upheld the lack of grievability.[1]

---

[1] The defendants have filed a copy of the transcript of the state court hearing, which contains the court's opinion. The plaintiff does not dispute the authenticity of the transcript. I am permitted to consider this public record in determining the Motions to Dismiss. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

Etter has sued the County Administrator, as well as the members of the Board of Supervisors, individually and in their official capacities, pursuant to 42 U.S.C.A. § 1983 (West 2003).[2] He contends that the defendants have violated his property and liberty interests as protected by the Fourteenth Amendment to the Constitution. The defendants have filed Motions to Dismiss, contending that the plaintiff has no claim for deprivation of a property interest and that at least part of his cause of action is barred by the statute of limitations. The motions have been argued and are ripe for decision.[3]

II

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, the plaintiff is not entitled to relief. The court may not dismiss a complaint unless the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *See Conley v. Gibson*, 355 U.S. 41,

---

[2] One of the defendant members of the Board of Supervisors is deceased. I will dismiss the action against that defendant as it pertains to his official capacity.

[3] The Motion to Dismiss on behalf of the estate of the deceased board member, Donnie Lowe, was filed after oral argument, but contains the same contentions as the joint motion filed on behalf of the other defendants.

45-46 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

If a public employee has some sort of property right in his job afforded by state law, he cannot be deprived of it without affording him due process. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). The defendants assert that because Etter was not covered under the County's grievance procedure and was thus terminable at will under state law, he had no property interest in continued employment entitled to protection.[4] The defendants further contend that the state court judgment that Etter was not covered is preclusive on this issue.

Virginia law required Tazewell County to adopt an employee grievance procedure, containing certain provisions. *See* Va. Code Ann. § 15.2-1507 (Supp. 2006). The required grievance procedure allows all nonprobationary employees to file grievances over disputes as to employment, including dismissals for unsatisfactory job performance. *Id.* § 15.2-1507(A)(1). Excepted from the coverage of grievance procedure, however, are certain classes of employees, including "agency heads or

---

[4] The defendants do not contest that Etter has stated a claim for violation of his liberty interest, that it, the right to due process where allegations were made against him that (1) placed a stigma on his reputation; (2) were made public by the employer; (3) were made in connection with his termination; and (4) were false. *See Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 646 (4th Cir. 2007).

- 4 -

chief executive officers of government operations." *Id.* § 15.2-1507(A)(3)(a)(4). The chief administrative officer of each local government, or his designee, determines the officers and employees excluded from the grievance procedure, and is responsible for keeping an up-to-date list of those positions. *Id.* § 15.2-1507(A)(3)(c).

At the hearing before the Circuit Court of Tazewell County, the Assistant County Administrator testified that she had prepared the list of excluded department heads, including Etter's position as Environmental Control Director, on December 1, 2004, after she realized that she could not find such a list. She denied that it had been prepared in anticipation of Etter's discharge. The County Administrator testified that there were seven departments in County government, each with a department head who reported directly to him, and that Etter had been one of those department heads.

Based on this evidence, the state court found that Etter was, in fact, the head of a department and thus not subject to the grievance procedure.[5] *Etter v. Tazewell County, Va.*, No. CL05000018 (Va. Cir. Ct. May 12, 2005).

Federal courts are required to give full faith and credit to valid state court judgments. 28 U.S.C.A. § 1738 (West 1994); *Meindl v. Genesys Pac. Techs., Inc. (In re Genesys Data Techs., Inc.)*, 204 F.3d 124, 127 (4th Cir. 2000). In doing so, a

---

[5] The state court also found that Etter was an employee terminable at will, citing *County of Giles v. Wines*, 546 S.E.2d 721, 723 (Va. 2001). *Id.*

- 5 -

federal court must "'refer to the preclusion law of the State in which judgment was rendered.'" *Id*. (quoting *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)). It is clear that the issue in the present case—whether Etter was covered under the grievance procedure—was the same issue decided by the Circuit Court of Tazewell County in an action between the same parties or those in privity with them. Accordingly, further litigation of the issue is precluded. *See Fennell v. Town of Pocahontas, Va.*, No. 1:05CV00045, 2005 WL 2122279, at *4 (W.D. Va. Sept. 2, 2005) (applying preclusion to terminated police officer's § 1983 action following unsuccessful state court action alleging failure to follow state-mandated grievance procedure).

For these reasons, I will grant the Motions to Dismiss as they pertain to the plaintiff's claim for deprivation of a property interest.[6]

---

[6] Etter was not deprived of a vested legal right by being placed on the list of department heads on December 1, 2004. After hearing evidence about Etter's duties and the structure of County government, the state court's ruling was that he was a department head at the time he was terminated. The preparation of the list by the Assistant Administrator was simply a recognition of that fact. Thus, this case is unlike *Garraghty v. Commonwealth of Va., Dep't of Corr.*, 52 F.3d 1274, 1281-82 (4th Cir. 1995), where prison wardens were subject to the state grievance procedure but were removed from the grievance procedure after the plaintiff, a prison warden, became an outspoken critic of the prison system.

III

The defendants also contend that any claims by the plaintiff accruing more than two years prior to the filing of the present action are barred by the statute of limitations.

The statute of limitations is an affirmative defense that can be raised on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "if the time bar is apparent on the face of the complaint." *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005). Particularly in light of my dismissal of the property interest claim, it is not apparent on the face of the Complaint that other claims are time barred. Accordingly, I will deny the Motions to Dismiss on this ground without prejudice to its reassertion if necessary when the record is more fully developed.

IV

For the foregoing reasons, it is **ORDERED** as follows:

1. The Motions to Dismiss (#3, #17) are DENIED IN PART AND GRANTED IN PART;

2. The plaintiff's claim that he was deprived of a property right is DISMISSED;

3. Any official capacity claim against Donnie Lowe, Deceased, and the Estate of Donnie Lowe is DISMISSED;

4. Any assertion by the defendants that the plaintiff's remaining causes of action are barred by the applicable statute of limitations is DENIED without prejudice to its reassertion at a later time on a fuller record; and

5. The clerk will fix a trial date in the case.

                ENTER: May 24, 2007

                /s/ JAMES P. JONES
                Chief United States District Judge